Filed 7-25-06

Clerk, U. S. District Court
Western District of Texas

_____
Deputy.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

INVITROGEN CORPORATION,

    Plaintiff,

-vs-                                        Case No. A-01-CA-167-SS

BIOCREST MANUFACTURING, L.P.,
STRATAGENE HOLDING CORP., and
STRATAGENE,

    Defendants.

## VERDICT FORM

We, the jury, unanimously answer the following questions:

**QUESTION ONE**

Do you find Invitrogen has proved by a preponderance of the evidence that there was no acceptable noninfringing substitute for the manufacturing process of the '797 patent during the time period from May 1997 to August 2004?

YES _____      NO __X__

If you have answered "no," answer Question Two. If you have answered "yes," skip to Question Three.

1

**QUESTION TWO**

If you have answered Question One "no," on what date do you find an acceptable noninfringing substitute would have been available had Stratagene sought only to produce its cells in a noninfringing manner?

Please provide a day, a month, and a year separately for the ultracompetent cells and the supercompetent cells.

Ultracompetent cells: __May 23, 1997__

Supercompetent cells: __May 23, 1997__

Proceed to Question Three.

**QUESTION THREE**

What sum of money, if paid now in cash, would fairly and reasonably compensate Invitrogen for the damages it has sustained as a result of Stratagene's infringement of the '797 patent as to the ultracompetent cells?

Answer separately in dollars and cents, if any:

Lost profits        $ __00.00__

Reasonable Royalty  $ __3,279,042.00__

Proceed to Question Four.

**QUESTION FOUR**

What sum of money, if paid now in cash, would fairly and reasonably compensate Invitrogen for the damages it has sustained as a result of Stratagene's infringement of the '797 patent as to the supercompetent cells?

Answer separately in dollars and cents, if any:

Lost profits        $ __00.00__

Reasonable Royalty  $ __2,865,876.00__

Proceed to Question Five.

2

**QUESTION FIVE**

What sum of money, if paid now in cash, would fairly and reasonably compensate Invitrogen for the damages it has sustained as a result of Stratagene's infringement of the '797 patent as to the other cells (competent and subcloning cells)?

Answer in dollars and cents, if any:

Reasonable Royalty   $ 1,788,048.00

Proceed to Question Six.

**QUESTION SIX**

Do you find that Invitrogen has proved by clear and convincing evidence that Stratagene's infringement of the '797 patent was willful before November 2, 2001?

YES __X__    NO _____

Proceed to Question Seven.

**QUESTION SEVEN**

What sum of money damages, of the total damages awarded by you in Questions 3, 4, and 5, was incurred before November 2, 2001, and what sum was incurred after November 2, 2001?

Answer separately in dollars and cents, if any:

Before November 2, 2001:   $ 4,759,779.60

After November 2, 2001:   $ 3,173,186.40

Proceed to Question Eight.

3

## QUESTION EIGHT

Do you find by clear and convincing evidence that any of the claims of the '797 patent is invalid as anticipated by the prior art?

YES _____     NO __X__

If you have answered "yes," which claim or claims are invalid as anticipated by the prior art:

_____

Proceed to Question Nine.

## QUESTION NINE

Do you find by clear and convincing evidence that any of the claims of the '797 patent is invalid due to obviousness?

YES _____     NO __X__

If you have answered "yes," which claim or claims are invalid due to obviousness:

_____

Proceed to Question Ten.

## QUESTION TEN

Do you find by clear and convincing evidence that any of the claims of the '797 patent is invalid due to lack of enablement?

YES _____     NO __X__

If you have answered "yes," which claim or claims are invalid due to lack of enablement:

_____

Answer no more questions.

Submitted this the 25th day of July 2006 at 3:02 o'clock p.m.

PRESIDING JUROR 18